IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| SCOTT TEEVAN | § | |
| VS. | § | CIVIL ACTION NO. 9:19cv53 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Scott Teevan, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a conviction for attempted capital murder.

The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge regarding this matter. The Magistrate Judge recommends the petition be dismissed. The magistrate judge concluded four of petitioner's grounds for review were barred by the applicable statute of limitations and that the remaining two grounds for review, which were based on alleged infirmities in state habeas proceedings, did not provide petitioner with a basis for relief.

The Report and Recommendation of United States of Magistrate Judge, together with the pleadings in this matter, has been received and considered by the court. Petitioner filed objections to the Report and Recommendation. The court must therefore conduct a *de novo* review of the objections in light of the applicable law.

Petitioner does not contest the Magistrate Judge's conclusion that his petition was filed after the period of limitations expired. However, petitioner contends he is entitled to avoid the limitations bar because he is actually innocent. Claims that would otherwise be barred by limitations may still

be considered if a petitioner show he is actually innocent.[1]

In attempting to show he is actually innocent, petitioner initially relies on statements by two eyewitnesses. He states these witnesses were not disclosed to the defense even though they had been interviewed by Deputy Sheriff Shane Turman. Petitioner asserts that statements obtained from the two witnesses after trial show they would have testified they did not see petitioner in possession of a pistol. In addition, petitioner relies on new evidence he states would have shown Deputy Turman committed perjury. Deputy Turman testified at trial that his weapon made a "snapping sound" when petitioner attempted to fire it at him. Petitioner contends an affidavit from a fellow inmate with experience with firearms states the weapon could not have generated a "snapping sound" in connection with repeated "dry firing." The affidavit states the weapon has an internal hammer which requires the slide to be activated each time to fire the weapon or even to have the hammer hit a dry chamber.

Petitioner first objects to the standard relied on by the Magistrate Judge as to what constitutes new evidence. The Magistrate Judge stated that in order to constitute new evidence, the evidence must have been unknown at the time of trial and not discoverable with reasonable investigation. Petitioner cites a decision from the United States Court of Appeals for the Second Circuit which sets forth a different standard to determine whether evidence is new. However, the Magistrate Judge correctly set forth the standard adopted by the United States Court of Appeals for the Fifth Circuit, *Hancock v. Davis*, 906 F.3d 387, 389 (5th Cir. 2018), and this court is bound by decisions of the Fifth Circuit.

With respect to the statements from two witnesses, the Magistrate Judge concluded that the evidence was not new because, as Deputy Turman testified at trial about interviewing three eyewitnesses, petitioner was aware of their existence at the time of trial. The Magistrate Judge further concluded that the evidence which would have allegedly demonstrated Deputy Turman

---

[1] An actual innocence claim permits a petitioner to avoid the limitations bar if it is based on new evidence and if the court concludes that, in light of such evidence, no reasonable juror would have convicted the petitioner. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1936 (2013).

committed perjury was not new because a firearms expert could have been hired at the time of trial to attack the deputy's testimony.

While petitioner acknowledges Deputy Turman mentioned three eyewitnesses during his testimony, the statements from two of the eyewitnesses is nevertheless new because Deputy Turman did not identify the eyewitnesses and counsel did not attempt to obtain their names. Deputy Turman's testimony about the eyewitnesses put the defense on notice that there were eyewitnesses. The court concludes that, as a result, the identities of the witnesses could have been discovered with reasonable investigation. This evidence is therefore not new.

With respect to evidence regarding the weapon, petitioner contends this evidence is new because, as he is not a firearms expert, he would not have been aware of the facts that could have been used to refute Deputy Turman's testimony. He also states that as all the testimony at trial referenced a "snapping sound," he had no reason to believe the weapon wouldn't have made this type of sound. Nothing would have prevented the defense from engaging a firearms expert to testify at trial and provide the testimony petitioner describes. This testimony therefore could have been obtained through reasonable investigation. As a result, this evidence is not new. The Magistrate Judge therefore correctly concluded that the evidence petitioner states shows he is actually innocent does not permit him to avoid the limitations bar,

In petitioner's second and sixth grounds for review, petitioner asserts the Texas Court of Criminal Appeals improperly denied him access to memoranda written by staff explaining why his state applications for writ of habeas corpus were denied and that he was denied counsel and experts to assist him with his state applications. The Magistrate Judge concluded these two grounds for review did not provide petitioner with a basis for relief because infirmities in state habeas proceedings are not grounds for federal habeas relief.

In his objections, petitioner asserts these ground for review are meritorious and that, if they are meritorious, he should be entitled to relief. However, the Magistrate Judge correctly concluded that infirmities in state habeas proceedings are not a basis for federal habeas relief. *Wiley v. Epps*,

625 F.3d 199, 207 (5th Cir. 2010).

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ACCEPTED** as the opinion of the court. A final judgment shall be entered dismissing this petition in accordance with the recommendation of the Magistrate Judge.

Further, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). To make such a showing, the petitioner is not required to demonstrate he would prevail on the merits. Rather, he must demonstrate the issues he raises are subject to debate among jurists of reason, that a court could resolve the issues differently, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt about whether to grant a certificate of appealability should be resolved in favor of the petitioner. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issues of whether four of his grounds for review are barred by the applicable statute of limitations and whether the remaining two grounds do not provide him with a basis for relief are subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worth of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

**SIGNED** this the **22** day of **July, 2022.**

_____
Thad Heartfield
United States District Judge